FILED IN DISTRICT COURT
OKLAHOMA COUNTY

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

OCT - 8 2015

TIM RHODES
COURT CLERK

34_____

HANAN F. ALSOURI,

       *Plaintiff,*

vs.

Case No. : **CJ-2015-5501**

CROSSROADS HOSPICE OF
OKLAHOMA CITY, L.L.C.,

       *Defendant.*

## PETITION

COMES NOW, the Plaintiff, HANAN F. ALSOURI, by and through her attorneys of record, Robert J. Wagner and Jon J. Gores of the firm WAGNER & WAGNER, P.C., and for her cause of action against the Defendant, CROSSROADS HOSPICE OF OKLAHOMA CITY, L.L.C., and alleges and states as follows:

## PARTIES

1.    Plaintiff, HANAN F. ALSOURI (hereinafter "Plaintiff"), is a lawful permanent resident of Oklahoma County, State of Oklahoma, who was employed by Defendant, CROSSROADS HOSPICE OF OKLAHOMA CITY, L.L.C. (hereinafter "Defendant") from the 6th day of June 2014 through the 13th day of January 2015 when her employment was terminated.

2.    Plaintiff held the title of a home health aide at the time of her termination.

3.    Plaintiff is a fifty-one (51) year old Jordanian National citizen, who is Muslim.

4.    Defendant is upon information and belief a Corporation established under the laws of the State of Oklahoma with its principal place of business in Oklahoma County.

**EXHIBIT
1**

## JURISDICTION AND VENUE

5.     This is a cause of action for discrimination on the basis of race, religion and national origin, and retaliation against for participating in a protected activity voicing complaints against the discrimination on the basis of race (Asian), religion (Muslim) and national origin (Jordan) in violation of Title VII of the Civil Rights Act of 1964, as amended, and Violation of the Oklahoma Anti-Discrimination Act (25 O.S. § 1101, et seq.) and only to the extent it is NOT duplicative, for violation of Title VII.

6.     All causes of actions arise under both Federal and Oklahoma state law.

7.     Both parties are residents of the State of Oklahoma.

8.     All of actions complained occurred in Oklahoma County, Oklahoma, and venue is proper in the District Court of Oklahoma County, State of Oklahoma.

9.     Plaintiff has complied with the administrative prerequisites of filing charge of discrimination with the Equal Employment Opportunity Commission ("EEOC" Charge No. 564-2015-00443) attached hereto as ("Exhibit-1").

10.    The "Notice of Suit Rights" was issued and mailed to Plaintiff and Defendant on or about the 29th day of July 2015.

11.    Plaintiff first received a copy of the "Notice of Suit Rights" or "Right to Sue Letter" on or about the 30th day of July 2015.  A copy of said "Notice" is attached hereto as ("Exhibit-2") and incorporated herein by this reference.

12.    The ninety (90) day period within which Plaintiff may file an action, pursuant to the "right to sue" letter, expires on or after the 28th day of October 2015.

## STATEMENT OF FACTS

13.    Plaintiff was born in Jordan, and she is of Middle Eastern descent.

14. Plaintiff is part of a protected class for her national origin (Jordanian) and for her race (Asian).

15. Plaintiff immigrated to the United States in July of 2004.

16. Plaintiff became a lawful permanent resident in 2007, and she has continued to reside in Oklahoma since that time.

17. English is Plaintiff's second language behind Arabic, and she speaks with an accent.

18. Plaintiff is also a Muslim, and as such, is a member of more than one protected class.

19. On or around the 6th day of June 2014 Plaintiff was hired to work for Crossroads Hospice of Oklahoma City as a home health aide.

20. Plaintiff began her assignments for Defendant shortly after being hired.

21. As a home health aide Plaintiff's job duties entailed assisting clients with their daily needs including but not limited to personal care needs and light housekeeping, providing comfort.

22. Plaintiff's work schedule provided for her to work Mondays and Tuesdays from 12 p.m. to 8 p.m. and Saturdays and Sundays from 7 a.m. to 7 p.m.

23. Plaintiff's job locations included nursing homes, hospitals and client's home as assigned by Defendant.

24. Although it was alleged that all of defendants' employees were required to physically come to the office in order to receive their assigned locations for work that day, of two (2) nurses and two (2) home health aides, ONLY Plaintiff was required to report to the office in person before she was given her work assignments.

25.     Plaintiff's supervisor, Keisha Newson (hereinafter "Newson"), only subjected Plaintiff to this requirement.

26.     All other nurses and home health aides were allowed to be on call at their homes, while Plaintiff was forced to come into the office alone.

27.     Plaintiff was told by Newson that people did not like her because she was different, being of Middle Eastern descent, and because of the way she spoke.

28.     Newson told Plaintiff this in front of her manager "Diana" and the regional manager who allowed this disparagement.

29.     Plaintiff was subjected to unequal terms and conditions than the other employees and she complained about this less favorable treatment to the assistant clinic director, "Hasina".

30.     Hasina told Plaintiff she would fix the situation and then all employees were required to report to the office in order to receive their assignments.

31.     Newson was angry with Plaintiff for going above her head to upper management, and started creating a Hostile Work Environment by being angry and rude to Plaintiff.

32.     This treatment continued for the next two (2) weeks until Plaintiff was terminated after a client passed away to no fault of Plaintiff.

33.     On the 3rd and 4th of January 2015, Plaintiff was assigned to a client.

34.     Plaintiff left the client after her shift on Sunday at 7 p.m., and she received a call on Monday from her Regional Manager that there was a complaint that Plaintiff was watching television and the client passed away.

35.     Regional Manager stated that he was going to have to investigate the matter and that he would need to see her the next day.

4

36.    The next day Regional Manager handed Plaintiff a termination letter stating that Plaintiff was terminated for the client passing away and Plaintiff not paying attention.

37.    In response, Plaintiff showed the Regional Manager that the client was in good care during her time assisting, and that the client passed away later that night when a nurse was present.

38.    Regional Manager took back the termination letter, and on the next meeting terminated Plaintiff for saying that she was watching television several weeks earlier.

39.    No meaningful investigation occurred into allegations of Plaintiff's alleged misconduct.

40.    Plaintiff denies this allegation.

41.    Plaintiff believes Newson made this allegation in retaliation for making complaints about unequal terms and conditions of employment.

42.    This termination constituted pretext and should be viewed as evidence of intentional discrimination.

43.    Plaintiff was terminated for no other reason than retaliation for complaints of discrimination.

44.    The practices complained of above were intentional and designed to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee and were in violation of Title VII of the Civil Rights Act of 1964, as amended.

45.    The unlawful employment practices complained above were committed with malice and reckless indifference to Plaintiff's protected rights.

46.     Plaintiff seeks both ordinary and exemplary damages in excess of ten thousand ($10,000.00) dollars for violation of Title VII on the basis of her race, religion and national origin and for retaliation for being terminated for participating in a protected activity.

47.     Plaintiff also seeks damages in excess of ten thousand ($10,000.00) dollars for violation of other non-duplicative State laws including the Oklahoma Anti-Discrimination Act (OADA) Title 25, O.S. (2011) §§ 1101 through 1706 which (in §1350(G)) may provide for (1) reinstatement or hiring, (2) injunctive relief, (3) back pay less interim earnings, and (4) an additional amount as liquidated damages, which in Guindelee MacDonald v. Corporate Integris Health, (Okla. 2014) 2014 OK 10, was defined as an award of double the award of back pay as a punitive measure to deter violation of the law.

## CAUSES OF ACTION

### COUNT I

**Violation of Title VII of the Civil Rights Act of 1964**

Plaintiff incorporates all prior allegations and further alleges that:

48.     Plaintiff is a member of a protected class for her race, national origin and religion.

49.     Plaintiff was subjected to disparate treatment on the basis of her race (Asian), national origin (Jordanian), and religion (Muslim).

50.     Plaintiff was subjected to a Hostile Work Environment and unequal terms and conditions of her employment because of her accent and being a member of those protected classes.

51.     Plaintiff was told by her supervisor that people did not like her because of

6

the way Plaintiff spoke and the way she appeared.

52.    Plaintiff voiced these concerns and was ultimately terminated two (2) weeks later.

53.    As a result of the disparate treatment and retaliation for voicing concerns of unequal treatment on basis of her protected class, Plaintiff was discriminated and retaliated in violation of Title VII of the Civil Rights Act of 1964.

54.    Plaintiff has suffered and will continue to suffer the loss of the career potential that she had with Defendant, and the loss of wages, benefits and other compensation that such employment entails.

55.    Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

56.    Plaintiff has further experienced emotional distress.

57.    As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.  Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

### *COUNT II*

**Violation of the Oklahoma Anti-Discrimination Act**

Plaintiff incorporates all prior allegations and further alleges that:

58.    Plaintiff in addition to his violations under Title VII alleges discrimination and seeks damages for violation of Oklahoma Anti-Discrimination Act (OADA), but only to the extent state law is NOT duplication of the relevant Federal law or remedies for race discrimination under the OADA.

WHEREFORE, Plaintiff, HANAN F. ALSOURI, respectfully requests that this Court:

a.   Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert of participation with them, from engaging in employment practices which discriminate on the basis of race, national origin and religion;

b.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hanan F. Alsouri and other employees and which eradicate the effects of their past and present unlawful employment practices;

c.   Order Defendant to make whole Hanan F. Alsouri by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to rightful-placement reinstatement or front pay in lieu of placement;

d.   Order Defendant to make whole Hanan F. Alsouri by providing compensation for past and future pecuniary and non-pecuniary loses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

e.   Order Defendant to pay Hanan F. Alsouri punitive damages for their malice or reckless indifference to her protected rights described above, in amounts to be determined at trial;

f.   Grant such further relief as the court deems just and proper through law or equity; and

g.   Award Plaintiff her costs and attorney fees in this action.

Respectfully submitted,

WAGNER & WAGNER, P.C.
4401 N. Classen Blvd., Suite 100
Oklahoma City, OK 73118-5038
(405) 521-9499 Telephone
(405) 521-8994 Fax
rjw@wagnerfirm.com (e-mail)


By: _____
     ROBERT J. WAGNER, OBA #16902
     JON J. GORES, OBA #31068
     Attorneys for Plaintiff
     HANAH F. ALSOURI

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED